**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BORIS SAVIDI,<br><br>*Plaintiff*,<br><br>v.<br><br>ARTHUR WILSON, *et al.*,<br><br>*Respondents.* | Civil Action No. 26-cv-07483<br><br>**OPINION**<br><br>August 21, 2026 |

**THIS MATTER** comes before the Court on Respondents' Supplemental Response. (ECF No. 9.) The Court has reviewed the Petition (ECF No. 1), Respondents' Response (ECF No. 6), the Supplemental Response (ECF No. 9), and the record.

The record establishes that Petitioner is subject to a final order of removal dated March 14, 2023. (ECF No. 6-1.) Respondents contend that Petitioner's detention is therefore governed by 8 U.S.C. § 1231(a). (ECF No. 6 at 2-4.) But the existence of a final order of removal does not, standing alone, determine the statutory authority for detention where execution of that order has been stayed.

Here, an Immigration Judge issued an order staying Petitioner's removal on June 16, 2026. (ECF No. 7-3.) Respondents further represent that Petitioner's appeal from the denial of his motion to reopen remains pending before the Board of Immigration Appeals and that his request for a stay remains pending. (ECF No. 9.) Respondents have not established that Petitioner may presently be removed notwithstanding the stay. Indeed, Respondents represent that no removal date can presently be scheduled. (*See id.*)

The Third Circuit has held that, where execution of a removal order is stayed, detention is governed by 8 U.S.C. § 1226 rather than § 1231. *Leslie v. Att'y Gen. of U.S.*, 678 F.3d 265, 270–72 (3d Cir. 2012). In *Leslie*, the Court of Appeals specifically directed that the petitioner receive a bond hearing under § 1226 during the period in which his removal was stayed. *Id.* at 272.

Accordingly, although Petitioner remains subject to a final order of removal, Respondents have not established that § 1231 presently authorizes his continued detention while execution of that order remains stayed. Petitioner is therefore entitled to a custody redetermination pursuant to § 1226(a). The Court reaches no conclusion concerning the ultimate validity or enforceability of the final order of removal, the merits of Petitioner's pending administrative proceedings, or whether Petitioner may ultimately be removed. Therefore,

**IT IS** on this 21st day of August 2026,

**ORDERED** that Respondents' request for a three-week extension (ECF No. 9) is **DENIED**; and it is further

**ORDERED** that the Petition (ECF No. 1), is **GRANTED IN PART**. Respondents shall provide Petitioner with a custody redetermination hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order. Respondents shall file a status report within three (3) days of the hearing advising the Court of its outcome; and it is further

**ORDERED** that Petitioner shall not be transferred from the District of New Jersey during the pendency of these proceedings.

**Hon. Karen M. Williams,**
**United States District Judge**